Belknap Probate Court,
No. 4844.

CHARLES C. ROGERS, *G'd'n of Alberta F. Folsom*

*v.*

EVERETT D. MUNSEY, *Successor Trustee u/w/o Imogene F. Cooke.*

Argued September 8, 1960.

Decided October 28, 1960.

*Harold E. Wescott* and *Peter V. Millham* (*Mr. Millham* orally), for the plaintiff.

*Nighswander, Lord & Bownes* and *William T. Krasnow* (*Mr. Krasnow* orally), for the defendant.

*Normandin & Normandin* and *Thomas P. Cheney* (*Mr. Cheney* orally), for the defendant, The Laconia Home for the Aged.

*Ernest R. D'Amours*, Director, Register of Charitable Trusts, *pro se*.

KENISON, C. J.   The plaintiff, guardian of Alberta F. Folsom, filed a petition in the probate court seeking to reopen twenty-three accounts filed by the deceased trustee, George P. Munsey, under the will of Imogene F. Cooke from the date of his appointment in 1927 to the date of his death in 1954.   The petition seeks a decree by the court ordering the successor trustee, Everett D. Munsey, to reimburse the plaintiff, as guardian of the life beneficiary, from the trust estate "such sum as is reasonable toward the support" of the life beneficiary during that period from 1927 to 1954.   The first question transferred by the probate court is:   "May the petitioner re-open any of the accounts of the late George P. Munsey, as Trustee, for the purpose stated in the petition?"

It is argued that the deceased trustee's accounts should be re-opened because no guardian ad litem was appointed when they were allowed by the probate court.   The decrees allowing the accounts were entered in proceedings in which the beneficiary was represented only by the trustee accountant himself, who was also her legal

guardian. The circumstances placed upon him the burden of providing for disinterested representation on her behalf in the accounting proceedings, if the decrees were to be binding upon her as final judgments. *Indian Head Bank* v. *Theriault*, 96 N. H. 23, 28. Such representation would have been provided by the appointment of a guardian ad litem (RSA 462:1), an appointment which the exercise of reasonable discretion required. *Hollis* v. *Tilton*, 90 N. H. 119, 120. See *Estate of Charters*, 46 Cal. 2d 227, 235-236. Fratcher, Powers and Duties of Guardians of Property, 45 Iowa L. Rev. 264, 297, 335 (1960). Because no such appointment was made, the decrees are voidable for good cause shown at the instance of the beneficiary acting through her present guardian. Note, Guardians *Ad Litem*, 45 Iowa L. Rev. 376, 381 (1960). See also, Bogert, Trusts & Trustees, *s.* 973, *p.* 344.

The power of the probate court to reopen a fiduciary's account for good cause is not disputed. *Knight* v. *Hollings*, 73 N. H. 495; *Indian Head Bank* v. *Theriault*, 96 N. H. 23; *Massachusetts Bonding Co.* v. *Keefe*, 100 N. H. 361. The pending petition however presents no cause for such reopening. The contention is made that the trustee was under a duty to expend the entire income of the trust for the benefit of the testatrix's daughter (*Haynes* v. *Carr*, 70 N. H. 463) and that he was lacking in authority to accumulate any income. The will however fails to support this contention. The trustee was given the "right" not only to "use" and "expend" the fund, but also to "hold . . . the same." *Cf. Haynes* v. *Carr*, 70 N. H. 463. That the language of the will manifested an intention that the trustee should be free to accumulate income, as well as to retain the principal, in his discretion is confirmed by other provisions of the will, bequeathing to other legatees at the daughter's death "whatever remains of said estate." *Kimball* v. *Bible Society*, 65 N. H. 139, 152. See *Amoskeag Trust Co.* v. *Haskell*, 96 N. H. 89.

We conclude that the life beneficiary was entitled to receive only so much of the income or principal as the trustee in the reasonable exercise of his discretion should determine. Fraud or misrepresentation is not alleged in the petition and there is nothing in the record to indicate that Alberta has not received the "pleasure, comfort and support" to which she was entitled under her mother's will. The fact that the fiduciary expended for Alberta $90,000 from the guardianship funds and $13,500 from the trust funds is not indicative of mistake, bad judgment or abuse of discretion. See *Burnett*

v. *Williams,* 323 Mass. 517.   The mother's will in its 12th clause providing the trust for Alberta gave the trustee discretion to use "either income or principal" for her benefit.   In the absence of need for the purposes stated by the will, the trustee was under no absolute duty to expend any part of the trust fund while other funds of the guardianship were available and ample.   *Amoskeag Trust Co.* v. *Wentworth,* 99 N. H. 346.   It is reasonable to conclude that the trust fund was intended to be used for Alberta as a protective fund to assure her the "pleasure, comfort and support" that her physical and mental condition warranted.   Her mother was aware that her daughter had other funds and if they were insufficient the trust fund would supply the deficiency.   We can find no basis in the record to charge the trustee with mistake or failure to exercise his discretion reasonably as trustee.   *Munsey* v. *Laconia Home,* 103 N. H. 42, decided this day.   It follows that the petition presents no occasion for reopening the several accounts of the trustee.

On the record before us, the answer to the first question transferred is "no."   Other questions transferred are sufficiently answered by what has previously been said, and by the decision in the companion case of *Munsey* v. *Laconia Home, supra,* decided this day.

*Remanded.*

All concurred.